UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **EMILY CAUSEY** | **CASE NO. 1:22-CV-05974** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALLEN CARRINGTON ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Partial Summary Judgment on the Issues of Fault, Course and Scope, and Coverage [Doc. No. 15] filed by Plaintiff Emily Causey ("Causey"). The Motion is not opposed.

For the reasons set forth herein, Causey's Motion for Partial Summary Judgment is **GRANTED.**

**I.   BACKGROUND**

On June 3, 2022, Causey filed a Petition for Damages in the Ninth Judicial District Court, Parish of Rapides, Civil Suit No. 273809A.[1] An Answer[2] was filed by Defendants Allen Carrington ("Carrington"), Greenwich Insurance Company ("Greenwich"), and FirstFleet, Inc. ("FirstFleet") on July 5, 2022. The proceeding was removed to this Court on November 16, 2022.[3]

The Petition for Damages alleges that on August 7, 2021, Causey, was driving down MacArthur Drive in Alexandria, Louisiana, when she was struck from behind by a 2020 Peterbilt Truck owned by FirstFleet and driven by Carrington , causing injuries to Causey. Paragraph 9 of the Petition for Damages alleges Carrington was in the course and scope of his employment with

---

[1] [Doc. 1-2, p. 2]
[2] [Doc. No. 1-2, pp. 26-28]
[3] [Doc. No. 1]

FirstFleet. Paragraph 10 alleges Greenwich provided liability insurance to Carrington and FirstFleet at the time of the accident, which provided coverage for Causey's injuries.[4]

In their Answer,[5] Carrington, Greenwich and FirstFleet admitted Carrington was operating the Peterbilt truck and that the Peterbilt truck was owned by FirstFleet (paragraph 4). Defendants also admitted Carrington was in the course and scope of his employment with FirstFleet on the day of the accident (paragraph 9) and that Greenwich provided a policy of insurance to FirstFleet.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

---

[4] [Doc. No. 15-3]
[5] [Doc. No. 15-4]

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Because this case is based upon diversity jurisdiction, Louisiana substantive law applies.

**B.     Fault**

Causey testified she was struck from behind by Carrington's vehicle while she was stopped at a traffic circle.[6] Carrington admitted he struck Causey's vehicle from behind and did not dispute

---

[6] [Doc. No. 15-5, p. 39]

3

that the accident was his fault.[7] There is also a presumption of fault on the part of a following motorist that strikes the rear of another vehicle. *Brandon v. Trosclair*, 800 So.2d 49, 60 La. App. 4th Cir. (2001), La. R.S. 32:81(A), "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

Therefore, Carrington is presumed to be at fault and has not rebutted that presumption.

### C. Course and Scope

An employer is held responsible under Louisiana law for the tortious actions of an employee acting within the course and scope of employment. La. Civ. Code Article 2320; *Ellender v. Neff Rental, Inc.*, 965 So.2d 898, 901 (La. App. 1st Cir. 2007).

The Defendants admitted Carrington was in the course and scope of his employment with FirstFleet at the time of the accident. Therefore, Carrington was in the course and scope of employment with FirstFleet at the time of the accident.

### D. Insurance Coverage

A certified copy of the Greenwich insurance policy was attached to Causey's Motion for Partial Summary Judgment.[8] The Greenwich policy was certified by Peggy Valihura, Assistant Secretary of Greenwich.[9] The policy is a Commercial Auto policy which provides insurance coverage by Greenwich to FirstFleet from April 1, 2021, to April 1, 2022, with liability limits of $10,000,000.00.[10] The policy provides coverage for "Any Auto,"[11] which covers autos owned or acquired during the policy period.[12] FirstFleet admitted it owned the truck involved in the accident.

---

[7] [Doc. No. 15-6, p. 10]
[8] [Doc. No. 15-7]
[9] [Id at p.1]
[10] [Id at pp. 30-32]
[11] [Id. at p. 53]
[12] [Id. at p. 54]

The Greenwich policy provides coverage to Carrington and FirstFleet on the date of the accident. The accident at issue is covered within the terms of the FirstFleet policy.

### III. CONCLUSION

For the reasons set forth herein, Causey's Motion for Partial Summary Judgment [Doc. No. 15] is **GRANTED.**

MONROE, LOUISIANA, this 28th day of September, 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**